UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 14-CR-10143-WGY |
| | ) |
| JOSH WAIRI, | ) |
|     Defendant. | ) |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
PURSUANT TO 18 U.S.C. § 3509**

The United States of America hereby seeks a protective order pursuant to 18 U.S.C. § 3509(d)(3), prohibiting the public disclosure of the minor children's names and any other private information concerning said minor children in the course of the proceedings in the above named case. The minor children may be victims or witnesses in the above named case. Additionally, pursuant to 18 U.S.C. § 3509(d) (3) (B) (ii), in order to provide a measure that may be necessary to protect the privacy of the minor children, the government also requests that counsel for the defendant be prohibited from disseminating, duplicating or disclosing any and all oral and visual electronic recordings that may be made of any of the minor children, to anyone outside of the "defense team" as outlined herein without prior approval from the court.[1] At present, the government is unaware of the existence of any oral or visual electronically recorded interviews conducted of minor children in relation to this case. However, should that occur during the pendency of the case, the government is also seeking protection relative to any such recording(s). There is a significant possibility that public disclosure of the identities of the minor children would be detrimental to those minor children.

18 U.S.C. § 3509, the Child Victim Rights Act, provides the following with regard to

---

1 "Defense team" shall include counsel for the defendant, legal assistants, paralegals, investigators or individuals hired specifically to assist in the preparation or trial of the case.

protection of the confidentiality of child witnesses and victims:

> On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

18 U.S.C. § 3509(d)(3)(A).

Further, 18 U.S.C. § 3509(d)(3)(B), provides that:

A protective order issued under subparagraph (A) may –

(i)     Provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

(ii)    Provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(4), further provides that:

> Disclosure of information – This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

On April 17, 2014, the defendant was arrested and charged by complaint with one count of Transportation of Child Pornography in violation of 18 U.S.C. §2252A(a).  On May 15, 2014, a four-count indictment was returned against defendant Josh Wairi charging him with one count of Transportation of Child Pornography, in violation of 18 U.S.C. §2252A(a)(1), and three counts of Production of Child Pornography, in violation of 18 U.S.C. §2251.   Count One of the Indictment alleges a time frame of "from on or about July, 2013, to April 17, 2014."   Counts Two and Three

of the Indictment each alleges a time frame of "on or about October, 2011, the exact date being unknown to the Grand Jury . . ." Count Four of the Indictment alleges a time frame of "in or about 2012, the exact date being unknown to the Grand Jury. . ." During the relevant time periods referenced in the indictment, Wairi was employed as an elementary school teacher in more than one elementary school.

In count two of the indictment, the minor child victim is referred to as "Minor A". In count three of the indictment, the minor child victim is referred to as "Minor B". In count four of the indictment, the minor child victim is referred to as "Minor C". It is clear that there is a "significant possibility" that identifying any of these children, as well as any identifying any of the other minor children identified in the materials outlined herein, would be detrimental to those children as would disseminating, disclosing or distributing their personal information. The disclosure of the identities of the minor children in this case could result in extreme mental distress. Based on the above, the government hereby moves for a protective order requiring that the child victims be referred to only as "Minor A," "Minor B," "Minor C,"etc, or "minor victim," or "victim," in all pleadings and in court during any hearings and at the trial of this matter.

Much of the materials the government intends to produce in automatic discovery consist of voluminous materials from different schools where Wairi was employed as well as law enforcement reports. Some of those materials contain identifying and/or private information relative to numerous minor children. The government's automatic discovery in this case is due on June 24, 2014. In lieu of providing redacted copies of those materials to defense counsel, the government, with the assent of defense counsel, will provide unredacted copies of the materials referenced herein provided there is a protective order relative to those materials. Pursuant to

Local Rule 7.1, counsel certifies that she consulted with counsel for defendant relative to this motion.   Counsel for the defendant has indicated he has no objection to this motion.

Due to the nature of the charges herein, it is clear that there is a "significant possibility" that identifying the child victim(s) and/or child witness(es) in this case would be detrimental to those children.  Based on the above, the government hereby moves for a protective order requiring that defendant be prohibited from copying, distributing or disseminating any materials relating to minor children.  Further, the government requests that the names of the minor children, any personal identifying information pertaining to minor children, including but not limited to, full date of birth, address, schools attended, and phone numbers, be protected from public disclosure during the course of all proceedings in this matter.

The measures the Government seeks pass constitutional muster.  In <u>United States v. Broussard</u>, 767 F.Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected the defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial.  <u>Id</u>.  Moreover, in <u>United States v. Anderson</u>, 139 F.3d 291, 301-302 (1st Cir. 1998), <u>cert</u>. <u>den</u>. <u>sub</u>. <u>nom</u>. <u>Coutermarsh v. United States</u> , 525 U.S. 866 (1998) the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial.  The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a).   Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." <u>Anderson</u>, 139 F.3d at 302.  This restriction serves a compelling interest in "safeguarding the

psychological well-being of a minor". Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 604-605 (1982); Broussard, 767 F. Supp. at 1546. The young ages of the minor children warrant protection of the identities of the minor children.

The Government further requests this Court issue a protective order which includes, but is not limited to the following conditions:

1. The materials provided in automatic discovery shall not be duplicated disclosed, disseminated or displayed to any person except the defense team without the written permission of the Court;

2. If for any reason defense counsel of record withdraws from this case and another member of the federal defender's office is not appointed as successor counsel, the materials relative to the minor children, shall be returned to the United States Attorney's Office within 3 days of withdrawal from the case;

3. Should there be any audio and video recorded interview, conducted by authorities in this case, depicting any of the minor children referenced in the materials provided in automatic discovery, or any written transcript of any such audio and video recorded interview, neither the recorded interview, including contents of that interview, nor any transcript of contents of said recording shall, at any time and under any circumstances, leave the care and custody of the defense team in the above entitled case without prior order of the Court and shall not be disclosed, disseminated or displayed to any person except the defense team in the above entitled case;

4. Any audio and video recorded interview that may be conducted by authorities in this case, depicting any of the minor children referenced in the materials provided in

automatic discovery, conducted by authorities, which may be provided to counsel for the defendant, shall be returned to the United States Attorney's Office within 10 days of disposition of the case or resolution of appeal in the above entitled matter; and

5. The child victims shall be referred to only as "Minor A," "Minor B," "Minor C," etc., or "minor victim," or "victim," in all pleadings and in court during any hearings and at the trial of this matter.

Based on the foregoing, the government requests the Court grant the motion for a protective order.

                      Respectfully submitted,

                      CARMEN M. ORTIZ
                      United States Attorney

By:    s/ Suzanne Sullivan Jacobus
        Suzanne Sullivan Jacobus
        Assistant U.S. Attorney

MOTION ALLOWED

_____
WILLIAM G. YOUNG
United States District Court Judge

Dated: _____

**CERTIFICATE OF SERVICE**

       This is to certify that I have this day served upon the following counsel of record a copy of the foregoing document via electronic filing to:

>Attorney Chris Skinner
>Federal Defenders Office
>51 Sleeper Street, 5th floor
>Boston, MA 02210

>>s/ Suzanne Sullivan Jacobus
>>Suzanne Sullivan Jacobus
>>Assistant U.S. Attorney