UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES                 )
                              )
V.                            )          No. 14-CR-10143-WGY
                              )
JOSHUA WAIRI                  )
_____)
```

### DEFENDANT'S MEMORANDUM REGARDING "LASCIVIOUS"

The defendant, Joshua Wairi, files this memorandum and accompanying affidavit in support of his Motion for Individual Voir Dire of Potential Jurors. The defendant requests that each individual juror be asked what the word "lascivious" means as a part of the voir dire process. As grounds therefore, the defendant states the following:

The defendant has been charged with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1); three counts of production and attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The production of child pornography charge requires the Government to prove that the material depicts minors engaged in sexually explicit conduct. 18 U.S.C. § 2251(a). Sexually explicit conduct is defined in 18 U.S.C. § 2256 as sexual intercourse, bestiality, masturbation, sadistic

or masochistic abuse, or "lascivious exhibition of the genitals or pubic area of any person." The videos at issue in this case involve boys showering, toweling, and dressing, and the government alleges this is a lascivious exhibition of the genitals.

The First Circuit has held that lascivious "is a 'commonsensical term,' and whether a given depiction is lascivious is a question of fact for the jury." *United States v. Frabizio*, 459 F.3d 80, 85 (2006). The First Circuit warned that judges are not to attempt to clarify "commonsensical standards." *Id.* at 86 n.9. As such, each juror seated in this case must know what the word lascivious means. It would be a violation of due process for the Court to seat a juror who does not know the meaning of the critical word in this case, which the Court is not permitted to define.

Merriam-Webster Dictionary defines "lascivious" as "filled with or showing sexual desire." *Available at* http://www.merriam-webster.com/dictionary/lascivious. If a juror thought that lascivious meant nude, for example, this juror would be applying a fundamentally incorrect definition to an essential element of the case. *E.g., United States v. Amirault*, 173 F.3d 28, 33 (1st Cir. 1999) ("the [child pornography] statute requires more than mere nudity").

Asking each juror if they know the meaning of the word lascivious would not conflict with the holding in *Frabizio*, as it does not offer a definition to the jurors. If the juror knows what the word means, he or she is in a position to apply it to the evidence. If he or she does not know what it means, the Court cannot instruct the juror on the meaning. Knowing the definition of a word which is an essential element of the crime charged, yet which cannot be defined by the Court, *Frabizio* at 86 n.9, should be a prerequisite to being seated on this jury. Seating a juror who does not know the meaning of the word would be tantamount to the Court omitting a critical jury instruction. The parties run the risk of a juror guessing the meaning of the word, applying an incorrect definition, or relying on another juror's definition of the word, whether it is correct or not.

To solve this issue, each juror should be asked in individual voir dire to define the word "lascivious." If he or she is not able to do so or his or her definition is incorrect, that juror is not qualified to sit in this case, where the definition of "lascivious" is the determining factor.

WHEREFORE, the defendant requests that each juror be asked in individual voir dire to define the word "lascivious."

Joshua Wairi,
By His Attorneys

*J. W. Carney, Jr.*

J. W. Carney, Jr.
B.B.O. # 074760
Carney & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116
(617) 933-0350
jcarney@CARNEYdefense.com

Benjamin P. Urbelis
B.B.O. # 672895
Urbelis Law, LLC
98 North Washington St.
Boston, MA 02114
(617) 830-2188
Ben@Urbelislaw.com

April 24, 2015

Certificate of Service

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non-registered participants on or
before the above date.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES                 )
                              )
V.                            )          No. 14-CR-10143-WGY
                              )
JOSHUA WAIRI                  )
_____)
```

**AFFIDAVIT SUPPORTING
DEFENDANT'S MEMORANDUM REGARDING "LASCIVIOUS"**

I, J. W. Carney, Jr., state that the following information is true to the best of my information and belief:

1.   I am the attorney who represents the defendant in the above-captioned case.

2.   I conducted an informal poll of twenty non-lawyers who are representative of citizens who may be selected to be in this jury pool. I asked each person individually what the word "lascivious" meant. Only four were able to correctly define the word. Some people believed that the word meant "naked," or simply did not know the meaning of the word.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

April 24, 2015

5