**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 14-CR-10143-WGY |
| v. ) | |
| ) | |
| JOSH A. WAIRI, ) | |
| Defendant. ) | |

**GOVERNMENT'S REQUESTED QUESTIONS FOR THE JURY VENIRE**

The United States of America, by its attorneys, United States Attorney Carmen M. Ortiz, and Assistant U. S. Attorneys Suzanne Sullivan Jacobus and Seth B. Orkand, hereby request that, in addition to those questions commonly put to the venire in cases commenced in this Court, the Court pose the following questions to the prospective jurors in this case.

The Superseding Indictment in this case charges the defendant, Josh A. Wairi, with five federal criminal offenses. Count One of the Superseding Indictment charges that from on or about July, 2013, to April 17, 2014, in the District of Massachusetts and elsewhere, the defendant did knowingly transport child pornography, as defined in 18 U.S.C. § 2256(8)(A), using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(1). This offense is often referred to as the transportation of child pornography. Counts Two and Three each charges that on or about October, 2011, in the District of Massachusetts and elsewhere, the defendant did knowingly employ, use, persuade, induce, entice and coerce, and attempt to employ, use, persuade, induce, entice and coerce, a minor, "Minor A," (for Count Two) and "Minor B" (for Count Three) to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transmitted using any means and facility of interstate and

foreign commerce and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a) and (e).   This offense is often referred to as the production and attempted production of child pornography. Count Four charges that in or about 2012, in the District of Massachusetts and elsewhere, the defendant did knowingly employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice and coerce, a minor, "Minor C," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a) and (e). This offense is often referred to as the production and attempted production of child pornography. Count Five charges that on or about April 17, 2014, within the District of Massachusetts, the defendant did knowingly possess material that contained one and more images of child pornography, that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer. This offense is often referred to as the possession of child pornography.

## **Proposed Questions to the Venire**

1.  Parties and Witnesses

    (a) Do any of you know the defendant?

    (b) Do any of you know either of the attorneys for the defendant?

    (c) Do any of you know either of the attorneys for the United States of America?

   (d) I will read the names of persons who may appear as witnesses. Please advise me, after their names have been read, whether you know them or have any acquaintance with them.

2. Are you aware of any prejudice that you may have against the federal government, the Commonwealth of Massachusetts, the Cities of Somerville or Cambridge, the Massachusetts State Police, or the United States Postal Inspection Service, which would in any way impair your ability to evaluate and judge fairly and impartially the facts of this case?

3. Some of the witnesses expected to be called by the United States at trial are United States Postal Inspection Services Inspectors and an Analyst, Massachusetts State Police Troopers, and civilian witnesses as "fact" witnesses or as "expert" witnesses.  As experts, they may be called to give their expert opinion as to certain matters in this case calling for specialized knowledge and skill involving forensic examination, interstate nexus element, and possibly other investigative practices.

4. Are you aware of any prejudice that you might have for or against a witness or other individual in this case where that witness or individual is shown to be a law enforcement officer?

5. The United States of America is one of the litigants in this trial.  You will hear the United States referred to throughout the trial as "the government."  Have you, or any member of your immediate family, or anyone with whom you are close:

   (a) ever been arrested, or ever answered charges (other than for an alleged moving traffic violation) in a criminal proceeding? If so, do you feel you/they were treated fairly?

   (b) ever filed a lawsuit or claim of any kind against any police or other law enforcement officer?

  (c) ever engaged in litigation with the federal government, the state government, or the cities of Somerville or Cambridge, that is, ever filed a claim or lawsuit against the United States, the Commonwealth of Massachusetts, or the cities of Somerville or Cambridge, or any of their agencies, or answered some claim made against you by the federal government?

  (d) ever been employed by the United States Attorney's Office, the United States Probation Office, the United States Pre-Trial Services Office, the United States District Court Clerk's Office, the United States Postal Inspection Service, the City of Somerville, the City of Cambridge, or the Massachusetts State Police?

  (e) ever had any involvement, of any sort other than a routine traffic matter, with the Massachusetts State Police or the United States Postal Inspection Service?

  (f) ever been treated unfairly by any police officer or other law enforcement personnel?

  (g) ever appeared in court yourself as either a witness in a case or a party to a lawsuit?

  (h) ever served on a jury before?
If yes, would that experience make it difficult for you now to serve as a fair and impartial juror?

6. If you are a regular viewer of television shows and movies about police work, forensic evidence, or the criminal justice system, will you be able to put aside what you have seen on those shows and base your verdict solely on the evidence?[1]

---

[1] This request by the government is made in conjunction with a similar proposed jury instruction, which was adapted from the preliminary charge given in United States v. Piesak, No. 06-40016 FDS. See United States v. Fields, 483 F.3d 313, 355 & n.39 (5th Cir. 2007) ("The 'CSI Effect'" is a term that legal authorities and the mass media have coined to describe a supposed influence that watching the television show CSI: Crime Scene Investigation has on juror behavior. Some have claimed that jurors who see the high-quality forensic evidence presented on CSI raise their standards in real trials, in which actual evidence is typically more flawed and uncertain"), citing Tom R. Taylor, Viewing CSI and the Threshold of Guilt: Managing Truth and Justice in Reality and Fiction, 115 Yale L.J. 1050, 1050 (Mar.2006) (author concludes existence of a "CSI effect" plausible but not yet proven empirically). Accord United States v. Hendrix, 509 F.3d 362, 369-372 (7th Cir. 2007) (court rejected Batson challenge where prosecutor said that prospective

7. Portions of the evidence in this case are going to concern events that the government alleges took place at the Kennedy Pool located at the Kennedy School in Somerville, Massachusetts, and at a Nature's Classroom overnight field trip in Yarmouth Port, Massachusetts. Are you familiar with either of those locations? If so, will you be able to put aside whatever information you know about those places and base your decision solely on the evidence?

8. During the course of this trial, you may hear testimony about other matters involving the defendant that are not the subject of the Superseding Indictment. Would that information affect your ability to be fair and impartial in this case?

9. Are you aware of any beliefs, feelings or prejudices that would prevent you from completely and honestly applying the law, as I give it to you at the end of the case, to the facts as you find them?

10. Are you willing and able to completely and honestly apply the law, as I give it to you at the end of the case, to the facts as you find them? Do you know of any reason why you cannot sit as a fair and impartial juror in the trial of this case?

11. This case may have been the subject of stories and coverage in newspapers, on television, or on the radio. Some of you may have read or heard about this case or about the defendant. Neither I nor the United States nor the defendant is entitled to a jury composed of 12 citizens who have never heard anything connected with this case. Instead, we want a jury where each juror is able to put aside anything he or she may have read or heard and any opinion he or she may have

---

juror was "one of those CSI guys"); United States v. Harrington, 204 Fed. Appx. 784, 788-789 (11th Cir. 2006) (district court discussion of CSI and statement to jury that there may not be "CSI evidence" presented to them properly told jurors that defendant could only be convicted ""based on evidence presented in court"); Shelton, et al., ""A Study and Juror Expectations and Demands Concerning Scientific Evidence: Does the CSI Effect Exist?"", http://law.vanderbilt.edu/journals/jetl/articles/vol9no2/Shelton.pdf ) (concluding that "the law must become better at explaining why such evidence is not forthcoming").

formed based thereon, and decide this defendant's guilt or innocence based solely on the evidence you hear in court, and in accordance with the instructions that I give you.

    (a)    Without commenting, and by just raising your hand, have any of you learned anything, either recently or in the past, about this case from any news media that would affect your ability to be fair and impartial in this case?

    (b)    Do you have personal knowledge of the facts of this case separate from any information you may have heard or read from television, radio, newspapers, books, and magazines?

    (c)    From what you have read or heard about this case from any source, have you formed or expressed any opinion as to the guilt or innocence of the defendant?

    (d)    If yes to any of the above, do you believe that you can put aside this opinion and decide the case based on the evidence you hear in court, and in accordance with my instructions?

12.    Have you or any of your relatives or close friends ever had any experience with a person who has engaged in criminal sexual activity with or involving a child that might in any way affect your judgment in this case?

13.    Have you, a family member, or a close friend ever been a victim of any form a sexual abuse, either as a child or adult and if so would that in any way affect your ability to be a fair and impartial juror in this case?

14.    Do any of you object to the fact that there is no right under the First Amendment to the United States Constitution to produce, attempt to produce, transport or possess images or videos of child pornography, that is, visual depictions of minors (children less than 18 years of age) engaging in sexually explicit conduct?

15.     It is anticipated that the evidence in this case may consist of graphic descriptions, discussions, and potentially graphic images addressing sexually explicit conduct involving minor children. Would being exposed to such material make you too uncomfortable to allow you to sit as a juror in this case?

16.     Do you belong to any group that encourages, advocates, or condones sexual relations between adults and children who are less than 18 years of age?

17.     Do you subscribe to any publication that encourages, endorses, or recommends sexual relations between adults and children who are less than 18 years of age?

18.     Do any of you have a background in computer programming, computer science, systems administration, or forensic computer examination?

19.     Do you suffer from a physical disability which would make it difficult for you to serve as a juror in this case?

20.     It is anticipated that this trial will be concluded in about five days.   Would it be too inconvenient for any of you, because of your job or other personal reasons, to serve on this jury and to concentrate on the trial and its proceedings with your full attention and render a fair and impartial verdict?

21.     Is there anything about the nature of the charges or the types of offenses with which the defendant is charged that would in any way affect your ability to sit as a fair and impartial juror?

22.     The defendant in this case is an African American.   Do you have any strong feelings about or prejudices against African Americans, the enforcement of law against members of any minority community, or the commission of crime by members of any minority community that would affect your ability to sit as a fair and impartial juror?

23.     The issue of punishment were the defendant to be convicted of any crime is for the Court and the Court alone.   Will you be able to put those issues to the side and perform your duties as a juror without any consideration of sentencing issues?

                                            Respectfully submitted,

                                            CARMEN M. ORTIZ
                                            United States Attorney

              By:             /s/ Suzanne Sullivan Jacobus
                                            Suzanne Sullivan Jacobus
                                            Seth B. Orkand
                                            Assistant U.S. Attorneys

Dated:   April 24, 2015

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ Suzanne Sullivan Jacobus
                                            Suzanne Sullivan Jacobus
                                            Assistant U.S. Attorney