## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-cr-10143-WGY |
| | ) | |
| JOSH A. WAIRI, | ) | |
| Defendant. | ) | |

## REQUEST FOR JURY INSTRUCTIONS

The United States, through undersigned counsel, submits the enclosed jury instructions for the Court's consideration.

The government reserves the right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

                    By:       /s/ Suzanne Sullivan Jacobus
                              Suzanne Sullivan Jacobus
                              Assistant U.S. Attorney

                              /s/ Seth B. Orkand
                              Seth B. Orkand
                              Assistant U.S. Attorney

Dated: April 26, 2015

## TABLE OF CONTENTS

Duties Of The Jury............................................... 3

Nature Of Superseding Indictment -- Presumption Of Innocence... 4

Preliminary Statement Of Elements Of Crime..................... 6

Evidence; Objections; Rulings; Bench Conferences.............. 7

Credibility Of Witnesses....................................... 9

Conduct Of The Jury........................................... 10

Note-Taking................................................... 12

Outline Of The Trial.......................................... 13

Stipulations.................................................. 15

Evidence Of Defendant's Prior Similar Acts.................... 16

Weighing The Testimony Of An Expert Witness................... 18

Statements By Defendant....................................... 19

Duty Of The Jury To Find Facts And Follow Law................. 20

Presumption Of Innocence; Proof Beyond A Reasonable Doubt..... 21

Defendant's Constitutional Right Not To Testify............... 23

What Is Evidence; Inferences.................................. 24

Caution As To Cooperating Witness Testimony................... 25

Credibility Of Witnesses...................................... 26

What Is Not Evidence.......................................... 27

Direct And Circumstantial Evidence............................ 29

Reasonable Consideration...................................... 31

Definitions And Definition Of Child Pornography............... 32

Definition Of Minor........................................... 33

Definition Of Sexually Explicit Conduct....................... 34

Definition Of Lascivious Exhibition........................... 35

Definition Of Visual Depiction................................ 37

Definitions Of Interstate And Foreign Commerce................ 38

Internet/Interstate Commerce.................................. 39

Definition Of "Knowingly"..................................... 40

Count One: Transportation Of Child Pornography................ 41

Count One: Definition Of "Transported In
Interstate Commerce".......................................... 42

Count One: Number Of Images.................................... 44

Counts Two, Three, And Four: Production And
Attempted Production Of Child Pornography..................... 45

Counts Two, Three, And Four:  Attempted
Production Of Child Pornography.............................. 47

Count Five: Possession Of Child Pornography.................. 49

Use Of Conjunctive – Disjunctive............................. 51

Variance -- Dates............................................ 52

Motive....................................................... 53

Failure To Call Witnesses.................................... 54

Submitting The Superseding Indictment........................ 55

Punishment................................................... 56

Foreperson's Role; Unanimity................................. 57

Consideration Of Evidence.................................... 58

Reaching Agreement........................................... 59

Return Of Verdict Form....................................... 61

Communication With The Court................................. 62

**PROPOSED INSTRUCTION**

**DUTIES OF THE JURY**

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.


Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §1.01 (1998).

3

**PROPOSED INSTRUCTION**

**NATURE OF SUPERSEDING INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at trial by Assistant United States Attorneys Suzanne Sullivan Jacobus and Seth B. Orkand.  The defendant, Josh Wairi, is represented by Attorneys J. W. Carney, Jr., and Benjamin Urbelis.

The defendant has been charged by the government with violations of federal law.  He is charged with having knowingly transported child pornography from on or about July 2013 to April 17, 2014, in the District of Massachusetts and elsewhere.  He is also charged in three separate counts with knowingly producing or attempting to produce child pornography on or about October 2011 (for Counts Two and Three) and in or about 2012 (for Count Four) in the District of Massachusetts and elsewhere.  He is also charged with knowingly possessing material that contained one or more images of child pornography on or about April 17, 2014, within the District of Massachusetts.

The charges against the defendant are contained in the Superseding Indictment.  The Superseding Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and

4

denies committing the crimes.  He is presumed innocent and may not
be found guilty by you unless all of you unanimously find that the
government has proven his guilt beyond a reasonable doubt.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury</u>
<u>Instructions:  First Circuit, Criminal Cases</u>, §1.02 (1998).

## PROPOSED INSTRUCTION

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

As I have indicated, the defendant has been charged by the government with violations of federal law.  Specifically, the defendant is charged with having knowingly transported child pornography from on or about July 2013 to April 17, 2014, in the District of Massachusetts and elsewhere.  He is also charged in three separate counts with knowingly producing or attempting to produce child pornography on or about October 2011 (for Counts Two and Three) and in or about 2012 (for Count Four) in the District of Massachusetts and elsewhere.  He is also charged with knowingly possessing material that contained one or more images of child pornography on or about April 17, 2014, within the District of Massachusetts.

You should understand that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §1.04 (1998).

## PROPOSED INSTRUCTION

### EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

When objections are made, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  Certain things are not evidence.  I will list those things for you now:

7

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §1.05 (1998).

8

**PROPOSED INSTRUCTION**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §1.06 (1998).

**PROPOSED INSTRUCTION**

**CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party

10

or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries, the internet or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, §1.07 (1998).

11

**PROPOSED INSTRUCTION**

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §1.08 (1998).

12

**PROPOSED INSTRUCTION**

**OUTLINE OF THE TRIAL**

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Superseding Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  The defendant's opening statement should he choose to make one, is no more evidence than the government's opening statement.  At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and

13

the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. The government will give a closing argument first, after which the defendant will close.  The government, as the party who bears the burden of proof will then be given the opportunity to make a brief rebuttal.

I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments, the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, §1.09 (1998).

**PROPOSED INSTRUCTION**

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §2.01 (1998).

## PROPOSED INSTRUCTION

## EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS

You have heard evidence that defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether defendant had the state of mind or intent necessary to commit the crime charged in the Superseding Indictment;

or

(2) Whether defendant had a motive or the opportunity to commit the acts charged in the Superseding Indictment;

or

(3) Whether defendant acted according to a plan or in preparation for commission of a crime;

or

(4) Whether defendant committed the acts he is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of defendant's prior similar acts. Even if you find that defendant may have committed similar acts in the past, this is not

to be considered as evidence of character to support an inference

that defendant committed the acts charged in this case.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury</u>
<u>Instructions:  First Circuit, Criminal Cases</u>, §2.06 (1998).

**PROPOSED INSTRUCTION**

**WEIGHING THE TESTIMONY OF AN EXPERT WITNESS**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §2.07 (1998).

**PROPOSED INSTRUCTION**

**STATEMENTS BY DEFENDANT**

You have heard evidence that the defendant made statements. It is for you to decide: (1) whether the defendant made the statement; and (2) if so, how much weight to give it.   In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §2.10 (1998).

**PROPOSED INSTRUCTION**

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §3.01 (1998).

**PROPOSED INSTRUCTION**

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Josh Wairi, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or

21

inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

The government is not required, however, to prove the defendant guilty beyond all possible doubt.  Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilty beyond a reasonable doubt.

The burden of proof never shifts during the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should find him guilty of that crime.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §3.02 (1998).

**PROPOSED INSTRUCTION**

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §3.03 (1998).

**PROPOSED INSTRUCTION**

**WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, §3.04 (1998).

24

**PROPOSED INSTRUCTION**

**CAUTION AS TO COOPERATING WITNESS TESTIMONY**

You have heard the testimony of one of the government's witnesses who participated in the unrelated charged crimes and provided evidence under agreements with the government.  Some people in this position are entirely truthful when testifying.  Still, you should consider this testimony with care and caution.  You may consider whether he had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

Pattern Jury Instructions: First Circuit, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

25

**PROPOSED INSTRUCTION**

**CREDIBILITY OF WITNESSES**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §3.06 (1998).

## PROPOSED INSTRUCTION

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5. The Superseding Indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that Superseding Indictment before you in the course of your deliberations in the jury room. That Superseding Indictment was returned by a grand

jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that the defendant has had a Superseding Indictment filed against him is no evidence whatsoever of his guilt. The Superseding Indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The Superseding Indictment proves nothing.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §3.08 (1998).

## PROPOSED INSTRUCTION

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. Inferences are deductions on conclusions

29

which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.  In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, §3.05 (1998); L.B. Sand, Modern Federal Jury Instruction:  Criminal, ¶5-2 (1990).

**PROPOSED INSTRUCTION**

**REASONABLE CONSIDERATION**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.   You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §15.01 (3d ed. 1977).

**PROPOSED INSTRUCTION**

**DEFINITIONS AND DEFINITION OF CHILD PORNOGRAPHY**

The following definitions of the terms "child pornography," "minor," "sexually explicit conduct," and "visual depiction," apply to your deliberations with respect to all of the counts which involved child pornography, which includes Counts One through Five of the Superseding Indictment.

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. §§ 2256 and 2256(8)(A).

**PROPOSED INSTRUCTION**

**DEFINITION OF MINOR**

As used in these instructions, the term "minor" means any person under the age of eighteen years.

In this case the parties have entered into a stipulation that Minor A, Minor B, and Minor C are all under the age of eighteen.

18 U.S.C. § 2256(1).

33

**PROPOSED INSTRUCTION**

**DEFINITION OF SEXUALLY EXPLICIT CONDUCT**

As used in these instructions, "sexually explicit conduct"

means, actual or simulated:

(1)　sexual intercourse, including genital-genital,
oral-genital, anal-genital, or oral-anal, whether between
persons of the same or opposite sex; or

(2)　bestiality; or

(3)　masturbation; or

(4)　sadistic or masochistic abuse; or

(5)　the lascivious exhibition of the genitals or pubic area
of any person.

18 U.S.C. § 2256(2)(A).

## PROPOSED INSTRUCTION

## DEFINITION OF LASCIVIOUS EXHIBITION

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material.  You may, but are not required to, consider the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image appears intended or designed to elicit a sexual response in the viewer.

An image need not involve all of these factors to constitute a "lascivious exhibition." It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed.  You may conclude that they are not applicable given the facts of this case.  This list of factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.

18 U.S.C. § 2256(2); <u>United States v. Dost</u>, 636 F.Supp. 828 (N.D. Cal. 1986) (above 6 factors outlined in the jury instruction are the factors commonly known as the "<u>Dost</u>" factors; The <u>Dost</u> Court also observed that "a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.' The determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor." <u>Id.</u>); <u>U.S. v. Wiegand</u>, 812 F.2d 1239 (9th Cir. 1987); <u>U.S. v. Knox</u>, 977 F.2d 815 (3rd Cir. 1992); <u>U.S. v. Dauray</u>, 76 F.Supp.2d 191 (D. Conn. 1999), <u>rev'd on other grounds</u>, 215 F.3d 257 (2d Cir. 2000); <u>United States v. Frabizio</u>, 459 F.3d 80, 87 (1st Cir. 2006); <u>United States v. Amirault</u>, 173 F.3d 28, 31 (1st Cir. 1999).

**PROPOSED INSTRUCTION**

**DEFINITION OF VISUAL DEPICTION**

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversation into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

18 U.S.C. § 2256(5).

37

**PROPOSED INSTRUCTION**

**DEFINITIONS OF INTERSTATE AND FOREIGN COMMERCE**

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

"Foreign commerce" includes commerce with a foreign country.

18 U.S.C. § 10.

**PROPOSED INSTRUCTION**

**INTERNET/INTERSTATE COMMERCE**

The government must prove that the defendant used a facility of interstate commerce as alleged in the Superseding Indictment.

Transmission of communications by means of a cell phone or computer connected to the Internet constitutes the use of a facility of interstate commerce regardless of whether the communication actually crossed a state line.  However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of a computer connected to the Internet or a cell phone.

The Internet is a facility of interstate commerce.

In this case the parties have entered into a stipulation regarding interstate commerce.

L. Sand, et al., Modern Federal Jury Instructions – Criminal, ¶ 64.03 at Instruction 64-12 (2009); United States v. Dwinells, 508 F.3d 63, 65 (1st Cir. 2007) ("The statute in question, 18 U.S.C. § 2422(b), criminalizes the use of any instrumentality of interstate or foreign commerce, such as the Internet, to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity."); United States v. Hilton, 257 F.3d 50, 54 (1st Cir. 2001) (finding that "proof of transmission of pornography over the Internet or over telephone lines satisfies the interstate commerce element of the offense").

**PROPOSED INSTRUCTION**

**DEFINITION OF "KNOWINGLY"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §2.13 (1998).

**PROPOSED INSTRUCTION**

40

**COUNT ONE: TRANSPORTATION OF CHILD PORNOGRAPHY**

The defendant is charged in Count 1 of the Superseding Indictment with transporting, or causing the transportation of, child pornography in interstate commerce. Count 1 charges the defendant with using a computer to transport the child pornography. In order for the defendant to be found guilty of the charge of transportation of child pornography, the United States must prove each of the following elements beyond a reasonable doubt:

First:    That on or about July 2013 to April 17, 2014, the defendant knowingly transported or caused to be transported by computer in interstate or foreign commerce an item or items of "child pornography", as charged; and

Second:   That at the time of such transportation by computer the defendant believed that such item or items constituted or contained "child pornography" as hereinbefore defined.

18 U.S.C. §§ 2252A and 2256(8)(A).

41

PROPOSED INSTRUCTION

**COUNT ONE: DEFINITION OF "TRANSPORTED IN INTERSTATE COMMERCE"**

The phrase "transported in interstate commerce" means that the visual depiction, at any time, traveled or moved between any place in a state and any place outside of that state. Thus, any time an object moves or travels across state lines or moves or travels from one State to another State, it has traveled in interstate commerce.

Although the Government must prove beyond a reasonable doubt that visual depictions were transported in interstate or foreign commerce, it is not necessary for the Government to establish that the defendant knew that state lines were actually being crossed or that the image traveled in interstate or foreign commerce.

Evidence that an image was produced in a State other than Massachusetts or in a foreign country is sufficient to prove that the image has traveled in interstate or foreign commerce and thus transported in interstate or foreign commerce.

Evidence that the defendant transported images from his computer in Massachusetts to another State or elsewhere is sufficient to prove that the image has been transported in interstate or foreign commerce.

42

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 39.14 (5th ed. 2000) (modified); <u>see</u> <u>also</u> <u>United States v. Snow</u>, 82 F.3d 935, 940 (10th Cir. 1996); <u>United States v. Robinson</u>, 137 F.3d 652 (1st Cir. 1998); <u>United States v. Gendron</u>, 18 F.3d 955 (1st Cir. 1994)(due process did not require government to prove that defendant had actual knowledge of jurisdictional element, i.e., that defendant knew photos or materials used to produce photos had been transported in interstate commerce); <u>United States v. Runyan</u>, 290 F.3d 223, n.11 (5th Cir. 2002); <u>United States v. Hilton</u>, 257 F.3d 50 (1st Cir. 2001); <u>U.S. v. Carroll</u>, 105 F.3d 740 (1st Cir. 1997) transmission via the Internet, <u>i.e.</u>, to friend's computer in another state, is tantamount to moving across state lines).

**PROPOSED INSTRUCTION**

**COUNT ONE: NUMBER OF IMAGES**

While the government introduced evidence that the government maintains proves that the defendant transported more than one image of child pornography on the dates at issue in Count, the government is only required to prove that the defendant transported a single image for this Count. The government does not have to prove that each of the images were transported by the defendant. However, you have to be unanimous with respect to the image or images of child pornography you determine were transported by the defendant for this Count. Therefore, with respect to Count One, as long as you find beyond a reasonable doubt that the defendant knowingly transported a single image, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find the defendant guilty.

18 U.S.C. §2252A(a)(5)(B).

44

**PROPOSED INSTRUCTION**

**COUNTS TWO, THREE, AND FOUR: PRODUCTION AND ATTEMPTED PRODUCTION OF CHILD PORNOGRAPHY**

The defendant is charged in Counts Two, Three, and Four of the Superseding Indictment with employing, using, persuading, inducing, enticing, or coercing a minor (for Count Two, "Minor A," for Count Three, "Minor B," and for Count Four, "Minor C") to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

In order to prove the Defendant guilty of the sexual exploitation of a child, the Government must establish beyond a reasonable doubt each one of the following three elements:

FIRST:    That the Defendant employed, used, persuaded, induced, enticed, or coerced "Minor A" for Count Two, "Minor B" for Count Three, and "Minor C," for Count Four, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

SECOND:   That "Minor A," "Minor B," or "Minor C," respectively, was a minor at the time; and

THIRD:    That either:

1.    The depiction was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means;

OR

45

2.   The Defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce;

OR

3.   The visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

18 U.S.C. §2251(a).

**PROPOSED INSTRUCTION**

**COUNTS TWO, THREE, AND FOUR:**
**ATTEMPTED PRODUCTION OF CHILD PORNOGRAPHY**

In some cases, it is a crime to attempt to commit an offense --even if the attempt fails.  In this case, the defendant is charged in Counts Two, Three and Four with both attempting to commit and committing the crime of employing, using, persuading, inducing, enticing or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. The defendant can be found guilty of an attempt to commit each offense only if both of the following facts are proved beyond a reasonable doubt:

First:  that the defendant knowingly intended to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purposes of making a visual depiction of that conduct; and

Second: that the defendant engaged in a purposeful act that, under the circumstances *as he believed them to be*, amounted to a substantial step towards the commission of that crime and strongly corroborated his criminal intent.

To convict the defendant of this charge, you do not need to find that the sexually explicit conduct took place or that visual

47

depictions of the conduct were produced.  You need only find that Defendant intended to commit the crime and took a substantial step toward doing so.  A "substantial step" is an act in furtherance of a crime.  It must be something more than mere preparation, but less than the last act necessary for completion of the crime.  If the substantial steps are the only proof of criminal intent, then they must unequivocally demonstrate that criminal intent.  On the other hand, if there is separate evidence of criminal intent independent from the substantial steps, such as a confession, then the substantial steps must merely corroborate that intent.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, § 4.18.00 (2012), and comments thereto; and 18 USC §2251(e).

**PROPOSED INSTRUCTION**

**COUNT FIVE: POSSESSION OF CHILD PORNOGRAPHY**

The defendant is accused of knowingly possessing one or more images of child pornography that has moved in interstate or foreign commerce. It is against federal law to possess child pornography that has moved in interstate or foreign commerce. For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First:     that the defendant knowingly possessed one or more computers or external storage devices;

Second:    that the computer(s) or storage device(s) contained at least one image of child pornography;

Third:     that the defendant knew that the computer(s) or storage device(s) contained an image of child pornography; and

Fourth:    that the image of child pornography had moved in interstate or foreign commerce.

"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

"Possess" means to exercise authority, dominion or control over something.  The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around

49

his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint.  Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

An image has been "shipped or transported in interstate or foreign commerce" if it has been transmitted over the Internet or over telephone lines.

Committee on Pattern Criminal Jury Instructions, Pattern Jury
Instructions:  First Circuit, Criminal Cases, §4.18.2252 (1998).

**PROPOSED INSTRUCTION**

**USE OF CONJUNCTIVE – DISJUNCTIVE**

One or more counts of the Superseding Indictment may accuse the defendant of violating the same statute in more than one way. In other words, the Superseding Indictment may allege that the statute in question was violated by various acts which are in the Superseding Indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."  In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged. In order for you to return a guilty verdict, however, you must unanimously agree that the same act has been proven.

See United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003)("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means").

**PROPOSED INSTRUCTION**

**VARIANCE -- DATES**

You will note that the Superseding Indictment charges that the offenses occurred "on or about" various dates, depending on the charge.  It does not matter if the Superseding Indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Superseding Indictment and the date established by testimony or exhibits.

L. B. Sand, Modern Federal Jury Instructions:  Criminal, 3-12 (1990).  United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 949 (1974).

**PROPOSED INSTRUCTION**

**MOTIVE**

The question of whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act.  Motive is what prompts a person to act or fail to act.  The concept of motive is different than the concept of knowledge or intent.  Intent and knowledge refer only to the state of mind with which the act is done or omitted.

The government is never required to prove motive.  In addition, good motive, if any, is never a defense where the act done or omitted is a crime.  For purposes of determining innocence or guilt, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his state of mind or his intent.

1 Devitt, Blackmar, Wolff, and O'Malley, Federal Jury Practice and Instructions, §17.06 (4th ed. 1992); <u>United States v. Payne</u>, 83 F.3d 346, 347 (10th Cir. 1996) (carjacker's motive for stealing car irrelevant).

**PROPOSED INSTRUCTION**

**FAILURE TO CALL WITNESSES**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not, in fact, required to produce all possible witnesses, or all possible documents equally available to both parties, which may bear on the case or who may have some knowledge about the facts of the case.

L. Sand, et. al., Modern Federal Jury Instructions:   Instruction No. 6-7 (2004); United States v. Welch, 15 F.3d 1202, 1215 n.17 (1st Cir. 1993)(inference not permissible when testimony could have been corroborative or cumulative), cert. denied, 511 U.S. 1076 (1994).

**PROPOSED INSTRUCTION**

**SUBMITTING THE SUPERSEDING INDICTMENT**

I am sending a copy of the Superseding Indictment into the jury room for you to have during your deliberations.  You may use it to read the crimes that the defendant is charged with committing.  You are reminded, however, that the Superseding Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶9-4 (1990).

**PROPOSED INSTRUCTION**

**PUNISHMENT**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, Modern Federal Jury Instructions:  Criminal, §9-1 (1990).

**PROPOSED INSTRUCTION**

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §6.01 (1998).

57

## PROPOSED INSTRUCTION

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.   However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §6.02 (1998).

## PROPOSED INSTRUCTION

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

conscientious determination.   Do not surrender an honest conviction

as to the weight and effect of the evidence simply to reach a verdict.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, §6.03 (1998).

## PROPOSED INSTRUCTION

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**[Read verdict form.]**

After you have reached unanimous agreement on a verdict on each of the counts, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, §6.04 (1998).

**PROPOSED INSTRUCTION**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions:  First Circuit, Criminal Cases</u>, §6.05 (1998).

## CERTIFICATE OF SERVICE

We, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

/s/ Seth B. Orkand
Seth B. Orkand
Assistant U.S. Attorney

63