UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 14-cr-10143-WGY |
| **JOSH A. WAIRI,**  **Defendant.** | ) ) ) ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR SUBMISSION OF WRITTEN INSTRUCTION TO JURY

The United States of America, by and through its attorneys, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Seth B. Orkand and Suzanne Sullivan Jacobus, Assistant United States Attorneys, hereby submits this Opposition to Defendant's Motion for Submission of Written Instruction to Jury.

On its first day of deliberations in this case, the jury posed five written questions to the Court. In response, the Court provided the jury with a printed copy of portions of 18 U.S.C. § 2256, a printed excerpt from *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), and an oral recitation of a portion of the jury charge based the transcript of the proceedings. In response to the jury's fifth question, which is the subject of the Defendant's motion, the Court orally reinstructed the jury without referring to the transcript of the jury charge.

The Defendant now asks the Court to provide the jury with a transcript of the Court's answer to the fifth jury question on the ground that it would purportedly be easier for the jury to understand in written form. However, providing the jury only a fraction of the Court's charge would inappropriately highlight the Court's answer to the fifth question and inaccurately suggest that it is more important than any other instruction. "In following [the Court's] instructions, [the jury] must follow all of them and not single out some and ignore others; they are all equally

important." Committee on Pattern Criminal Jury Instructions, *Pattern Jury Instructions: First Circuit, Criminal Cases*, § 3.01 (1998). Providing the jury with written instructions for just one of the questions, without providing the jury with any other written instructions, will emphasize the Court's answer to the fifth question and may focus the jury's attention away from the Court's other instructions as well as from the Court's answers to prior questions received earlier the same day from the jury. Additionally, by providing a transcript of this question *sua sponte* without any request to do so by the jury, the jury may improperly view or give more weight to this question than to the other questions asked by the jury during its deliberations. Further, defense counsel cites no case law in support of his request.

## CONCLUSION

Based on the foregoing reasons, the Court should deny Defendant's Motion for Submission of Written Instruction to the Jury.

Respectfully submitted,
CARMEN M. ORTIZ
UNITED STATES ATTORNEY

/s/ Seth B. Orkand
Seth B. Orkand
Assistant U.S. Attorney

/s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this date of May 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and thereby served an electronic copy on counsel for the defendant.

/s/ Seth B. Orkand
Seth B. Orkand