UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-cr-10143-WGY |
| ) | |
| JOSH A. WAIRI, ) | |
|     Defendant. ) | |

GOVERNMENT'S NOTICE OF SENTENCING
ENHANCEMENTS APPLICABLE TO THE DEFENDANT

The United States of America, by and through its attorneys, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, Suzanne Sullivan Jacobus and Seth B. Orkand, Assistant United States Attorneys, hereby submits this notice of intent to seek sentencing enhancements in this case. On May 5, 2015, after a five-day jury trial, the jury convicted the defendant of one count of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1); and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The jury acquitted the defendant of three counts of Production of Child Pornography and Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

The government argues the following sentencing enhancements have been proven to a jury beyond a reasonable doubt during the course of the jury trial in this case:[1]

---

[1] At the charge conference held on April 30, 2015, counsel for the defendant requested that the Court not submit any sentencing enhancements to the jury for its determination; rather, defense counsel requested the Court determine which sentencing factors apply.

**Count 1: Transportation of Child Pornography:  U.S.S.G. § 2G2.2(a)(2)**

- 2 level increase because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.  *See* U.S.S.G. § 2G2.2(b)(2).

- 5 level increase because the offense involved the distribution of child pornography for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain.  *See* U.S.S.G. § 2G2.2(b)(3)(B).

  Alternatively, 2 level increase because the offense involved distribution other than distribution described in subdivisions (A) through (E) of U.S.S.G. § 2G2.2(b)(3). *See* U.S.S.G. § 2G2.2(b)(3)(F).

- 5 level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  *See* U.S.S.G. § 2G2.2(b)(5).

- 2 level increase because the offense involved the use of computer or an interactive computer service.  *See* U.S.S.G. § 2G2.2(b)(6).

- 5 level increase because the offense involved 600 or more images.  *See* U.S.S.G. § 2G2.2(b)(7)(D)(Application Note 4(B)(ii)).

**Count 5: Possession of Child Pornography:  U.S.S.G. § 2G2.2(a)(1)**

- 2 level increase because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.  *See* U.S.S.G. § 2G2.2(b)(2).

- 5 level increase because the offense involved the distribution of child pornography for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain.  *See* U.S.S.G. § 2G2.2(b)(3)(B).

  Alternatively, 2 level increase because the offense involved distribution other than distribution described in subdivisions (A) through (E) of U.S.S.G. § 2G2.2(b)(3). *See* U.S.S.G. § 2G2.2(b)(3)(F).

- 4 level increase because the offense involved material that portrays sadistic or masochistic conduct.  *See* U.S.S.G. § 2G2.2(b)(4).

- 5 level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  *See* U.S.S.G. § 2G2.2(b)(5).

- 2 level increase because the offense involved the use of computer or an interactive computer service.  *See* U.S.S.G. § 2G2.2(b)(6).

- 5 level increase because the offense involved 600 or more images. *See* U.S.S.G. § 2G2.2(b)(7)(D).

- 2 level increase because the offense involved a victim who the defendant knew or should have known was a vulnerable victim. *See* U.S.S.G. §3A1.1(b).

- Additionally, per 18 U.S.C. § 2252A(b)(2), if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for nor more than 20 years. Otherwise, the maximum term of is imprisonment is not more than 10 years. The government states the evidence at trial, including a trial exhibit, demonstrated at least one image of child pornography involved in the possession of child pornography count involved a prepubescent minor or a minor who had not attained 12 years of age.

The government reserves its right to supplement or amend this notice.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By:   /s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

/s/ Seth B. Orkand
Seth B. Orkand
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this date of May 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and thereby served an electronic copy on counsel for the defendant.

/s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney