### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 14-cr-10143-WGY** |
| ) | |
| **JOSH A. WAIRI,** ) | |
| **Defendant.** ) | |
| ) | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS NOTICE OF SENTENCING ENHANCEMENTS APPLICABLE TO THE DEFENDANT

The United States of America, by and through undersigned counsel, submits this memorandum in support of its notice of applicable sentencing enhancements the government argues have been proven to a jury beyond a reasonable doubt during the jury trial in this case (see docket # 86).[1]  The government requests this Honorable Court to consider applying the following sentencing enhancements in this case.

### I.  U.S.S.G. § 2G2.2(B)(2): Prepubescent Minor Or A Minor Who Had Not Attained The Age Of 12 Years

For both the Transportation of Child Pornography and the Possession of Child Pornography convictions, the government argues that a two level increase to the defendant's base offense level applies because the material that the defendant possessed and transported involved one or more prepubescent minors or minors who had not attained the age of 12 years.  *See* U.S.S.G. § 2G2.2(b)(2).  In support of this enhancement for the Transportation of Child

---

[1] At the charge conference held on April 30, 2015, counsel for the defendant requested that the Court not submit any sentencing enhancements to the jury for its determination; rather, defense counsel requested the Court determine which sentencing factors apply.

Pornography conviction, the government refers to trial exhibits #1(a) and #1(b).[2]  In support of this enhancement for the Possession of Child Pornography conviction the government refers to the trial exhibits #26-32 (representative photographs of child pornography from the defendant's HP thumb drive and the defendant's Dell mini laptop computer) as well as the unobjected to trial testimony of United States Postal Inspection Services ("USPIS") Inspector Scott Kelley.[3]  *See also United States v. Nanda*, 178 F.3d 1287 (4th Cir. 1999) (Affirming application of the two level enhancement based on the descriptive names of the subdirectories in which pictures were stored and the defendant's admissions that he was curious about this type of material.).  At trial, USPIS Inspector Kelley testified about the defendant's admissions that he was sexually attracted to children and that his ideal age for a child was about 8 to 13 years old, as the defendant stated in website profile on the website IMGSRC.RU.  Wairi also admitted to USPIS that some of the children depicted in his child pornography collection were as young as 7 or 8 years old.  The evidence presented at trial, however, demonstrated that the defendant's collection of child pornography included children as young as toddlers.

---

[2] Two of the eight files the defendant admitted to uploading and which form the basis of the Transportation of Child Pornography convictions were entitled "Bibcam-11 Yo Boy Man(2).wmv" and "7yo and cousin.wmv".  Additionally, at trial USPIS Inspector Kelley testified that based on his training and experience "Bib" is a short-hand term for "boys in bedroom," and that "yo" means "years old."

[3] Additionally, per 18 U.S.C. § 2252A(b)(2), if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the maximum term of imprisonment is 20 years.  Otherwise, the maximum term of is imprisonment is not more than 10 years.  The government states the evidence at trial, including a trial exhibit, demonstrated that at least one image of child pornography possessed by the defendant involved a prepubescent minor or a minor who had not attained 12 years of age.

## II.     U.S.S.G. § 2G2.2(B)(3)(B): Offense Involved The Distribution Of Child Pornography For The Receipt Of A Thing Of Value

Second, the government argues that an additional five level increase to the defendant's base offense level applies to both convictions because the offenses involved the distribution of child pornography for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain. *See* U.S.S.G. § 2G2.2(b)(3)(B). This enhancement is defined as "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." § 2G2.2, cmt. 1. Moreover, a "thing of value" can include the "child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id.*

Several courts have applied an enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) based on a defendant's distribution of child pornography with the expectation that he would receive additional child pornography in return. *See United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002) (holding that "when a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in distribution for the receipt, or expectation of receipt, of a thing of value," necessary to impose the five level enhancement) (internal quotation marks omitted); *United States v. McGarity*, 669 F.3d 1218 (11th Cir. 2012) (affirming application of five level enhancement for receiving "thing of value" for participant in child pornography ring, who disseminated child pornography using the internet in order to receive other child pornography in exchange); *United States v. Gaughran*, 429 Fed. A'ppx 877, 878 (11th Cir. 2011) ("When a defendant distributes child pornography with the expectation that he will receive other child pornography in exchange, the district court may properly apply [the § 2G2.2(b)(3)(B) five level] enhancement."); *United States v. Griffin*, 482 F.3d 1008, 1012 (8th Cir. 2007) (holding

that the § 2G2.2(b)(3)(B) five level enhancement "applies to a defendant who downloads and shares child pornography files via an internet peer-to-peer file-sharing network, as these networks exist—as the name 'file-sharing' suggests—for users to share, swap, barter, or trade files between one another.");

Alternatively, if the Court declines to apply the five level increase pursuant to U.S.S.G. § 2G2.2(b)(3)(B), the government argues that a two level increase is warranted for both convictions because the offenses involved distribution other than distribution described in subdivisions (A) through (E) of U.S.S.G. § 2G2.2(b)(3). *See* U.S.S.G. § 2G2.2(b)(3)(F); *United States v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012) (holding that an enhancement under § 2G2.2(b)(3)(F) for distribution other than to a minor or in exchange for a thing of value is permissible and not double-counting when the district court also relies on distribution to give the defendant a higher base offense level). At trial, USPIS Inspector Kelley testified that the defendant admitted to trading, receiving and distributing child pornography. (*See* Excerpt of Trial Transcript, April 29, 2015, attached hereto as Exhibit #1). Further, at trial, USPIS Inspector Kelley testified that the defendant admitted to uploading images of child pornography to a particular Russian website, IMGSRC.RU, and that he was a member of that website for more than one year. The government also introduced trial exhibit # 53, which consisted of a screen capture of the defendant's IMGSCRC.RU user profile, which was initialed by the defendant. In the subject line of his user profile, the defendant typed "I LOVE boys 8-13. . . ."

### III.    U.S.S.G. § 2G2.2(B)(5): Pattern Of Activity

Third, the government argues that an additional five level increase is applicable to both convictions because the defendant engaged in a pattern of activity involving the sexual abuse or

exploitation of a minor.  *See* U.S.S.G. § 2G2.2(b)(5).  Application Note 1 to U.S.S.G. § 2G2.2 states:

> "'Pattern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor" or (C) resulted in a conviction for such conduct."

The testimony at trial demonstrated that such a pattern existed in this case, as the defendant was convicted of two separate instances of sexual exploitation of a minor (i.e., possession of child pornography and transportation of child pornography).  The evidence presented at trial proved beyond a reasonable doubt that these two offenses occurred on different dates and involved different minor victims.  *See United States v. Broxmeyer*, 699 F.3d 265 (2d Cir. 2012) *cert. denied*, 133 S.Ct. 2786 (2013) (the crime of conviction can be counted as one occasion of prohibited sexual conduct in identifying a pattern for purposes of Guidelines enhancement for "pattern of activity involving prohibited sexual conduct" with a minor); *United States v. Pappas*, 715 F.3d 225 (10th Cir. 2013) (holding that a 'pattern of activity' under U.S.S.G. § 4B1.5(b)(1) must include at least two separate occasions of prohibited sexual contact with a minor, and does not require evidence of sexual activity with more than one minor.); *United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013) (no temporal proximity among acts of sexual abuse or exploitation is required to satisfy U.S.S.G. § 2G2.2(b)(5)); *United States v. Lovaas*, 241 F.3d 900 (7th Cir 2001) (the conduct considered for purposes of the "pattern of activity" enhancement is broader than the scope of relevant conduct typically considered under U.S.S.G. § 1B1.3); *United States v. Plotts*, 347 F.3d 873 (10th Cir. 2003) (the five level increase for a pattern of activity is not discretionary, but rather is a mandatory enhancement).  Applying this enhancement to both counts is not impermissible double-counting.  *See United States v. Blum*, 534 F.3d 608 (7th Cir.

2008) (holding that applying pattern of activity enhancement to two child pornography counts did not comprise double-counting because the enhancements were premised on distinct conduct).

## IV.     U.S.S.G. § 2G2.2(B)(6): USE OF COMPUTER OR AN INTERACTIVE COMPUTER SERVICE

Fourth, the government argues that a two level increase applies to both convictions because the offenses involved the use of computer or an interactive computer service.  *See* U.S.S.G. § 2G2.2(b)(6).  In support of the application of this enhancement, the government directs the Court's attention to stipulations entered as trial exhibits # 18, 42, 43, 44, 52, the unobjected to trial testimony of USPIS Inspector Scott Kelley concerning the defendant's admissions about his use of the computer, and the trial testimony of USPIS Analyst Mark Scichilone regarding the forensic evidence recovered from the defendant's dell mini laptop computer and the defendant's HP thumb drive.  *See also United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013) (holding that a computer is not essential to distribution of child pornography; therefore applying the use of a computer enhancement is not impermissible double-counting. The court noted that computers and the internet may be responsible for an increase in child pornography crimes, and aggravate, rather than mitigate, the harms caused by the production and possession of child pornography.).

## V.      U.S.S.G. § 2G2.2(B)(7)(D): Number Of Images

Fifth, the government argues an additional five level increase applies to the both convictions because the offenses involved 600 or more images.  *See* U.S.S.G. § 2G2.2(b)(7)(D) and Application Note 4(B)(ii).  Concerning the defendant's Possession of Child Pornography conviction, the evidence at trial demonstrated that the defendant possessed approximately 26,000 images and approximately 530 videos consisting of the sexual exploitation of children.

Additionally, trial exhibit # 26-33 consists of a representative sample of the child pornographic images possessed by the defendant.

As to the defendant's Transportation of Child Pornography conviction, U.S.S.G. § 2G2.2(b)(7)(D), Application Note 4B(ii), states that "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." The evidence at trial demonstrated that the defendant uploaded eight separate videos containing child pornography. Applying the application note calculation to the eight videos results in a total of 600 from the eight videos.

## VI.     U.S.S.G. § 2G2.2(B)(4): Material Portrays Sadistic Or Masochistic Conduct

Additionally, the government asserts that two additional sentencing enhancements apply to the defendant's conviction for Possession of Child Pornography. The government argues that a four level increase applies because the offense involved material that portrays sadistic or masochistic conduct. *See* U.S.S.G. § 2G2.2(b)(4). In support of this argument, the government refers to an excerpt of USPIS Inspector Kelley's trial testimony from April 29, 2015 (attached hereto as Exhibit #2). In that excerpt, USPIS Inspector Kelley testified that he asked the defendant whether there were any images of sado-masochistic sexual behavior on any of the defendant's electronic devises that were seized by law enforcement. In response, the defendant told Inspector Kelley that he specifically recalled a video that depicted a minor prepubescent male tied up with his hands and feet behind his back and engaging in sexually explicit conduct with an adult. The defendant also told Inspector Kelley that he possibly had other images or videos depicting the sado-masochistic treatment of children. This testimony in and of itself is sufficient to warrant the application of the five level enhancement.

However, the government introduced further evidence at trial to independently support applying this enhancement. *See* trial exhibits # 26 and #27 (each consisting of an adult male

inserting his penis into the rectum of a prepubescent male); trial exhibit # 32 (consisting of an

adult male squeezing the penis and scrotum of prepubescent young boy); and trial exhibit # 30

(consisting of an adult spreading the vagina and labia of a female toddler).  Such photographs

that depict young children being penetrated by adults qualify as depicting sadistic or masochistic

conduct, as multiple courts have held.  *See United States v. Hoey*, 508 F.3d 687 (1st Cir. 2007)

([p]hotographs depicting sexual penetration of young victims by adult males represents

"sadistic" and "violent" material under the terms of § 2G2.2(b)(4)); *United States v. Maurer*, 639

F.3d 72 (3d. Cir. 2011) (holding that the enhancement is applicable to images that depict "sexual

activity involving a prepubescent minor that would have caused [either physical or emotional]

pain to the minor"); *United States v. Coates*, 462 F. App'x 199 (3d Cir. 2012) (finding that a

photograph of the defendant engaging in oral sex with his daughter justified a four-level

enhancement based upon a visual image that portrays "sadistic or masochistic" conduct); *United

States v. Gerick*, 568 F. App'x 405 (6th Cir. 2014) (pictures of penetration of prepubescent

children are *per se* sadistic conduct and sufficient to support a four-point enhancement under

U.S.S.G. § 2G2.2(b)(4)); *United States v. Corp*, 668 F. 3d 379 (6th Cir. 2012) (noting that

images involving the sexual penetration of prepubescent children are inherently sadistic); *United

States v. Quinn*, 257 F. App'x 864 (6th Cir. 2007) (finding that images depicting penetrative

sexual activity between adults and prepubescent children is inherently sadistic for purposes of

the enhancement); *United States v. Phillips*, 383 F. App'x 527 (6th Cir. 2010) (holding that

sentencing enhancement for sadomasochistic nature of child pornography is not redundant with

sentencing considerations for possession offense itself); *United States v. Caldwell*, 181 F.3d 104

(6th Cir. 1999) (noting that depictions of sexual objects inserted into prepubescent children

qualify as sadistic or masochistic); *see also U.S. v. Fuller*, 77 Fed. Appx. 371 (6th Cir. 2003));

*United States v. Myers*, 355 F.3d 1040 (7th Cir. 2004) (video depicting adult male engaging in vaginal intercourse with child aged five to eight qualified for sadistic or masochistic enhancement as such activity would have been painful to the child); *United States v. Diaz*, 368 F.3d 991 (8th Cir. 2004) (images of the sexual penetration of a minor girl by an adult male with his penis, a young boy performing fellatio on an adult male, an adult male performing anal sex on a minor girl, prepubescent girls performing fellatio on an adult male, a group of adolescent boys ejaculating on a grimacing prepubescent boy, and an adolescent male performing anal sex on a young boy were depictions of sadism or violence warranting four-level increase under § 2G2.2(b)(3)); *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003) (holding that images of prepubescent children being penetrated by adult males portrayed sadistic conduct because "the adult males in the photographs must have experienced some sexual excitement" and had done something that "necessarily hurt the child."); *United States v. Dunlop*, 279 F.3d 965 (11th Cir. 2002) (although photos of sadistic conduct did not form the basis of defendant's conviction, defendant's possession of the images when he transmitted other images of child pornography warranted sentence enhancement under § 2G2.2(b)(3)); *United States v. Grigsby*, 469 F. App'x 589 (9th Cir. 2012) (regardless of whether defendant intended to possess the photograph, the four-level enhancement to offense level for possessing an image that depicted an adult male engaged in anal penetration with a minor male was supported.  A single image is sufficient to trigger the § 2G2.2(b)(4) enhancement.).

Applying this enhancement to the Possession of Child Pornography charge does not result in impermissible double-counting.  *See United States v. Myers*, 355 F.3d 1040 (7th Cir. 2004) (holding that enhancement for depiction of sadistic conduct did not constitute "double-

dipping," even though defendant also received enhancements for the victim having been

prepubescent).

**VII.    U.S.S.G. §3A1.1(B): Vulnerable Victims**

The government also argues an additional two level increase applies to the Possession of

Child Pornography conviction because the offense involved a victim who the defendant knew or

should have known was a vulnerable victim.  *See* U.S.S.G. §3A1.1(b).  "Vulnerable victim" is

defined as a victim of the offense "who is unusually vulnerable due to age, physical or mental

condition, or who is otherwise particularly susceptible to the criminal conduct."  U.S.S.G. §

3A1.1 cmt. 2.  At trial, the evidence demonstrated that the defendant's collection of child

pornography included images and videos of young children, including toddlers, engaged in

sexually explicit conduct.  *See, e.g.,* trial exhibit # 30 (image of an adult spreading the vagina and

vulva of a female toddler);  April 29, 2015 trial testimony of USPIS Inspector Kelley.  A number

of courts have held that particularly young children, such as the toddlers depicted in the

Defendant's child pornography collection, qualify as "vulnerable victims" under the Sentencing

Guidelines on account of the special vulnerability inherent in their young age.  *See, e.g., United

States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013) (affirming application of U.S.S.G. §3A1.1(b)

based on victims' particularly young ages); *United States v. Lynn,* 636 F.3d 1127, 1138-39 (9th

Cir. 2011), *as amended on denial of reh'g and reh'g en banc* (May 31, 2011) (upholding

calculation of Sentencing Guidelines range where age and size of victims made them vulnerable

and particularly susceptible to exploitation); *United States v. Holt,* 510 F.3d 1007, 1011 (9th Cir.

2007) (holding that, for a possession offense, a "district court can apply the vulnerable victim

enhancement where a child is so young and small that he or she is less able to resist than other

child victims of pornography."); *United States v. White*, 506 F.3d 635, 643 (8th Cir. 2007)

10

(upholding application of USSG §3A1.1 enhancement based on victim's "age-related vulnerability").

Applying this enhancement to the Possession of Child Pornography conviction does not result in impermissible double-counting.  *See Holt*, 510 F.3d at 1007 (9th Cir. 2007) (holding that it is not double-counting to apply both the adjustment for a "vulnerable victim" under U.S.S.G. § 3A1.1(b) and the enhancement for an offense involving sadistic and masochistic images due to the small size of the victims); *United States v. Wright*, 373 F.3d 935, 943-44 (9th Cir. 2004) (holding that the district court's application of both the enhancement for children under twelve and the enhancement for vulnerable victim did not constitute improper double counting).

## CONCLUSION

For the foregoing reasons the government requests this Honorable Court determine that the above referenced sentencing enhancements are applicable in this case.  The government reserves its right to supplement or amend this memorandum.

Respectfully submitted,<br>
CARMEN M. ORTIZ<br>
United States Attorney

By:    /s/ Suzanne Sullivan Jacobus
       Suzanne Sullivan Jacobus
       Assistant U.S. Attorney

       /s/ Seth B. Orkand
       Seth B. Orkand
       Assistant U.S. Attorney

Dated: May 28, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date of May 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and thereby served an electronic copy on counsel for the defendant.

<u>/s/ Suzanne Sullivan Jacobus</u>
Suzanne Sullivan Jacobus
Assistant U.S. Attorney