UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )          Criminal No. 14-10143-WGY
                                )
JOSH A. WAIRI,                  )
                   Defendant.   )

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.        On March 5, 2015, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant Josh A. Wairi (the "Defendant") with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count One); Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts Two, Three and Four); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Five).[1]

2.        The Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Five of the Superseding Indictment, of any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which

---

[1] The Defendant was acquitted of Counts Two, Three and Four.

contains any such visual depiction, which was produced, transported, mailed, shipped, or received

in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to

gross profits or other proceeds obtained from such offenses; and any property, real or personal, used

or intended to be used to commit or to promote the commission of such offense or any property

traceable to such property.   The property to be forfeited includes, but is not limited to, items seized

by law enforcement on or about April 17, 2014, from Defendant's residence in Somerville,

Massachusetts.

     3.     On or about April 17, 2014, law enforcement seized the following items from

Defendant's residence in Somerville, Massachusetts:

     a.  miscellaneous cell phones;
     b.  miscellaneous DVDs and CDs, one US Passport, one Dell 123MB Thumb Drive, one PNY 64GB Thumb Drive, two PNY 32GB Thumb Drives and miscellaneous SD cards;
     c.  one Palm Pilot;
     d.  one Fuji Endeavor camera;
     e.  one Kodak disposable camera and one CVS disposable camera;
     f.  one Samsung Chromeback, bearing serial number HY3A19JD608432Y;
     g.  one white Apple Notebook, bearing serial number WQ827FY10P1;[2]
     h.  one JVC Camcorder, model number GZ-HM30BU;
     i.  one Nikon Coolpix Camera, bearing serial number 30175919;
     j.  one Apple IPOD U2 20GB;
     k.  one Apple IPOD 8GB
     l.  one Mac Book Pro, bearing serial number C2WFCKLUDH2G;
     m.  one Scan Disk Thumb Drive 8GB and one DTSE9 8GB Thumb Drive;
     n.  one Green Thumb Drive 512GB and one Yellow Dane-lec 512MB Thumb Drive;
     o.  one Samsung Chrome Back Book bearing serial number HY3A91JD608562K;
     p.  one IMac Desktop, bearing serial number C02KR0SWFFYV;
     q.  one Canon Camera PC 1022, bearing serial number 4423003231;
     r.  one Samsung Camera S 630, bearing serial number 971161213;
     s.  one Samsung sch-U340 Flip Phone;
     t.  one Macbook Ibook, bearing serial number 4H633022SE7;
     u.  one Dell Mini Laptop, beating serial number HK0KQK1;
     v.  one Lenovo Laptop, bearing serial number CB06964522;

---

[2] The seizing agency is returning this asset to the Defendant's brother.   The government therefore does not seek forfeiture of this asset.

     w.  one 4GB Sony Thumb Drive and one Vernatim 4GB Thumb Drive;
     x.  one HP Blue 32GB Thumb Drive;
     y.  one IPhone 5S, bearing serial number F17LT6CBFNJQ;
     z.  one Samsung Cell Phone, bearing serial number A3LSCHU350, and
    aa.  one Panasonic Camera Lumix, bearing serial number WR1SB003767 and
        one blue 8GB Scandisk,

(collectively, the "Properties").

4.      The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p).

5.      On May 5, 2015, after a four-day jury trial, a jury found the Defendant guilty on Counts One and Five of the Superseding Indictment.  *See* Docket No. 91.

6.      The evidence at trial showed that the Defendant used various electronic equipment, and specifically his email account, to trade and receive images and videos of child pornography. The Defendant also uploaded images and videos of children being sexually exploited and transferred the images and videos of child pornography to other users.  Trial evidence showed that the Defendant possessed more than 27,000 images, over 530 videos of minor children engaged in sexually explicit conduct and transported eight videos of minor children engaged in sexually explicit conduct.

7.      Based on the evidence and testimony presented at trial and the Defendant's conviction, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant was convicted.  Accordingly, the Properties are subject to

forfeiture to the United States pursuant to 18 U.S.C. § 2253.

8.      Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

9.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

10.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and the relief sought.

11.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

4

(b)      include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral

pronouncement of the Defendant's sentence; and

(c)      incorporate the Preliminary Order of Forfeiture in the criminal judgment entered

against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:      /s/ Christopher R. Donato
SUZANNE M. SULLIVAN
SETH ORKAND
CHRISTOPHER R. DONATO
   BBO No. 628907
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: August 26, 2015           Christopher.Donato@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Dated: August 26, 2015           Assistant United States Attorney