UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 14-10143-WGY |
| ) | |
| JOSH A. WAIRI, ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**YOUNG, D.J.**

WHEREAS, on March 5, 2015, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant Josh A. Wairi (the "Defendant") with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count One); Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts Two, Three and Four); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B);

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Five of the Superseding Indictment, of any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property

1

traceable to such property;

WHEREAS, on or about April 17, 2014, law enforcement seized the following items from Defendant's residence in Somerville, Massachusetts:

    a. miscellaneous cell phones;
    b. miscellaneous DVDs and CDs, one Dell 123MB Thumb Drive, one PNY 64GB Thumb Drive, two PNY 32GB Thumb Drives and miscellaneous SD cards;
    c. one Palm Pilot;
    d. one Fuji Endeavor camera;
    e. one Kodak disposable camera and one CVS disposable camera;
    f. one Samsung Chromeback, bearing serial number HY3A19JD608432Y;
    g. one white Apple Notebook, bearing serial number WQ827FY10P1;[1]
    h. one JVC Camcorder, model number GZ-HM30BU;
    i. one Nikon Coolpix Camera, bearing serial number 30175919;
    j. one Apple IPOD U2 20GB;
    k. one Apple IPod 8GB;
    l. one Mac Book Pro, bearing serial number C2WFCKLUDH2G;
    m. one Scan Disk Thumb Drive 8GB and one DTSE9 8GB Thumb Drive;
    n. one Green Thumb Drive 512GB and one Yellow Dane-lec 512MB Thumb Drive;
    o. one Samsung Chrome Back Book bearing serial number HY3A91JD608562K;
    p. one IMac Desktop, bearing serial number C02KR0SWFFYV;
    q. one Canon Camera PC 1022, bearing serial number 4423003231;
    r. one Samsung Camera S 630, bearing serial number 971161213;
    s. one Samsung sch-U340 Flip Phone;
    t. one Macbook Ibook, bearing serial number 4H633022SE7;
    u. one Dell Mini Laptop, beating serial number HK0KQK1;
    v. one Lenovo Laptop, bearing serial number CB06964522;
    w. one 4GB Sony Thumb Drive and one Vernatim 4GB Thumb Drive;
    x. one HP Blue 32GB Thumb Drive;
    y. one IPhone 5S, bearing serial number F17LT6CBFNJQ;
    z. one Samsung Cell Phone, bearing serial number A3LSCHU350, and
    aa. one Panasonic Camera Lumix, bearing serial number WR1SB003767 and one blue 8GB Scandisk,

(collectively, the "Properties");

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon

---

[1] The seizing agency is returning this asset to the Defendant's brother. The government therefore does not seek its forfeiture.

2

the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on May 5, 2015, after a four-day jury trial, a jury found the Defendant guilty on Counts One and Five of the Superseding Indictment;

WHEREAS, the evidence at trial showed that the Defendant used various electronic equipment, and specifically used his email account, to trade and receive images and videos of child pornography;

WHEREAS, the Defendant also uploaded images and videos of children being sexually exploited and transferred the images and videos of child pornography to other users;

WHEREAS, trial evidence showed that the Defendant possessed more than 27,000 images, over 530 videos of minor children engaged in sexually explicit conduct and transported eight videos of minor children engaged in sexually explicit conduct;

WHEREAS, based on the evidence and testimony presented at trial and the Defendant's conviction, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant was convicted, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253; and

WHEREAS, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of

the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petition's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

*William A. Young*
WILLIAM G. YOUNG
United States District Judge

Dated: *September 13, 2015*

5