```
 1                UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF MASSACHUSETTS

 3
                                      14-cr-10143-WGY
 4

 5

 6

 7

 8   *************************************
                                         *
 9   United States vs. Josh A. Wairi     * JUDGE'S FINDINGS
                                         *
10   *************************************

11

12

13

14

15        BEFORE:  Honorable Judge William G. Young

16

17

18
                       Richard H. Romanow
19                    Official Court Reporter
                    United States District Court
20                       1 Courthouse Way
                    Boston, Massachusetts 02210
21
                       September 14, 2015
22

23

24

25
```

```
 1      THE COURT:  Mr. Josh Wairi, in consideration of
 2  the offenses of which you stand convicted, the
 3  principles of 18 United States Code, Section 3553(a),
 4  the information from the United States attorney, your
 5  attorney, the probation officer, and yourself, this
 6  Court sentences you to 12 years, 144 months, in the
 7  custody of the United States Attorney General on each of
 8  the counts of conviction, the sentence on each count to
 9  run concurrent, one with the other.  Thereafter the
10  Court imposes upon you 8 years of supervised release
11  with all the general and special conditions set forth in
12  the presentence report.  The Court imposes upon you no
13  fine due to your inability to pay a fine and imposes
14  upon you a -- the special assessment required by the law
15  of $200.  You shall have credit toward the service of
16  this sentence from April 17th, 2014 until to date.  Let
17  me explain this sentence to you.
18      The offenses of which you stand convicted, you
19  seem now to understand it, are a most hideous form of
20  child abuse.  We have made a mistake in our language in
21  calling it "child pornography."  It is not.  It is child
22  obscenity.  It is the visual depiction of actual
23  children actually being abused in the most vile,
24  disgusting, and abusive ways.  It is an extraordinarily
25  serious crime.
```

As carefully defined by the Congress, it is no infringement on the First Amendment. It is an attempt, a careful attempt trying to preserve children from sexual predators and among those predators, whether they engage in the abuse or not, are those who seek out and possess these visual depictions.

Now, this case is an extraordinarily troubling case. On the one hand, I meant what I said, this was a brilliantly defended case before a courageous American jury who properly drew a line and acquitted you of those offenses for which you were not guilty.

I've been very impressed, and I want to put it on the record, by a law review that recently came out, Laura E. Avery, "The Categorical Failure of Child Pornography Law," 21 Widener Law Review 51, this year, 2015. Ms. Avery points out that while the Congress has been very careful in the language it has used in the laws restricting this type of child abuse, she faults courts for being less than careful and courts "twisting the language, because the actual abuse is so horrific, to reach conduct where the language simply will not support that result." This jury saw through that.

It is crystal clear to this Court that under the definitions of "sadomasochism," followed by courts higher than that one, this Court would have been

```
 1   warranted in finding an enhancement for such depictions,
 2   nevertheless this Court did not so find under what it
 3   considers a fair reading of the law applied to the facts
 4   before it.  That's on the one hand.  On the other hand,
 5   everything Ms. Sullivan so persuasively argued is
 6   absolutely the fact in the eyes of this Court.
 7        You are a serial offender year after year after
 8   year, it is because of you that children have been and
 9   are being abused in this fashion.  This sentence is
10   sufficient but no greater than necessary to vindicate
11   the purposes of our criminal laws and the Court has no
12   hesitancy in imposing it.
13        Mr. Carney is right in pointing out that "the
14   system" has a variety of ways of dealing with such
15   criminal offenders, but it isn't the system that imposes
16   the sentence, it's a particular judge, someone has to
17   impose a sentence, and in this case that falls to me, I
18   impose this sentence, and in doing so I speak for the
19   community at large, carefully, reflectively, having
20   given you the benefit of the rule of lenity.
21   Nevertheless this is one of the worst -- and I have no
22   equivocation in saying it, one of the worst offenses
23   this Court has seen of this type.  This is a fair and a
24   just sentence.
25        Now, you do have the right to appeal from any
```

```
 1   findings or rulings the Court has made against you.
 2   Should you appeal and should an appeal be successful in
 3   whole or in part and the case remanded, the case
 4   remanded, you'll be resentenced before another court.
 5   Mr. Carney, if an appeal is decided upon and you want
 6   transcript, seek it from this session of the court
 7   because I'll turn it around right away.
 8           MR. CARNEY:  I shall, your Honor.
 9           THE COURT:  Do you understand?
10           MR. CARNEY:  Yes, sir, I do.
11           THE COURT:  That's the sentence of the Court.
12           MR. ORKAND:  Your Honor, if I may?  The government
13   has filed a motion for a preliminary forfeiture as well.
14           THE COURT:  They have and I should recite it now,
15   and I always need reminding, I acted on it this morning,
16   the motion is allowed and it shall be reflected in the
17   judgment.  Thank you.
18       Yes?
19           PROBATION OFFICER:  Your Honor, just two
20   clarifications.  The special conditions that you've
21   imposed on Pages 45 through 48, we would ask that 17
22   through 19, which deal with restitution, not be imposed
23   because no restitution claim has been made.
24           THE COURT:  That was my intention and I thank you
25   for that.
```

```
 1          What else?
 2          PROBATION OFFICER:  Thank you.
 3          And the other thing is we'd ask for two judicial
 4  recommendations, one for psychological care and one for
 5  sex offender-specific treatment and a designation to a
 6  facility which can address the sex offender treatment
 7  needed.
 8          MR. CARNEY:  Your Honor, the defendant joins that
 9  recommendation.
10          THE COURT:  And that would be Butner, wouldn't it?
11          PROBATION OFFICER:  It's not --
12          MR. CARNEY:  Not necessarily, your Honor, there
13  are now, I believe, three facilities run by the Bureau
14  of Prisons where special sex offender treatment is --
15          THE COURT:  So the proper recommendation is to one
16  of such facilities as maintained by the Bureau of
17  Prisons.
18          PROBATION OFFICER:  Yes, commensurate with
19  security.  Thank you, your Honor..
20          THE COURT:  It is so ordered.  And I thank you.
21          He's remanded to the custody of the marshals.
22  We'll call the next case.
23
24
25
```