UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-10143-WGY |
| ) | |
| JOSH A. WAIRI, ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

**YOUNG, D.J.**

WHEREAS, on March 5, 2015, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant Josh A. Wairi (the "Defendant") with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count One); Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts Two, Three and Four); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Five);[1]

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Five of the Superseding Indictment, of any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property

---

[1] The Defendant was acquitted of Counts Two, Three and Four.

traceable to such property;

WHEREAS, such property specifically included, without limitation the following items seized from Defendant's residence in Somerville, Massachusetts on or about April 17, 2014:

a. miscellaneous cell phones;
b. miscellaneous DVDs and CDs, one US Passport, one Dell 123MB Thumb Drive, one PNY 64GB Thumb Drive, two PNY 32GB Thumb Drives and miscellaneous SD cards;
c. one Palm Pilot;
d. one Fuji Endeavor camera;
e. one Kodak disposable camera and one CVS disposable camera;
f. one Samsung Chromeback, bearing serial number HY3A19JD608432Y;
g. one white Apple Notebook, bearing serial number WQ827FY10P1;[2]
h. one JVC Camcorder, model number GZ-HM30BU;
i. one Nikon Coolpix Camera, bearing serial number 30175919;
j. one Apple IPOD U2 20GB;
k. one Apple IPOD 8GB
l. one Mac Book Pro, bearing serial number C2WFCKLUDH2G;
m. one Scan Disk Thumb Drive 8GB and one DTSE9 8GB Thumb Drive;
n. one Green Thumb Drive 512GB and one Yellow Dane-lec 512MB Thumb Drive;
o. one Samsung Chrome Back Book bearing serial number HY3A91JD608562K;
p. one IMac Desktop, bearing serial number C02KR0SWFFYV;
q. one Canon Camera PC 1022, bearing serial number 4423003231;
r. one Samsung Camera S 630, bearing serial number 971161213;
s. one Samsung sch-U340 Flip Phone;
t. one Macbook Ibook, bearing serial number 4H633022SE7;
u. one Dell Mini Laptop, bearing serial number HK0KQK1;
v. one Lenovo Laptop, bearing serial number CB06964522;
w. one 4GB Sony Thumb Drive and one Vernatim 4GB Thumb Drive;
x. one HP Blue 32GB Thumb Drive;
y. one IPhone 5S, bearing serial number F17LT6CBFNJQ;
z. one Samsung Cell Phone, bearing serial number A3LSCHU350, and
aa. one Panasonic Camera Lumix, bearing serial number WR1SB003767 and one blue 8GB Scandisk,

(collectively, the "Properties").

---

[2] The seizing agency is returning this asset to the Defendant's brother. The government therefore does not seek forfeiture of this asset.

2

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on May 5, 2015, after a four-day jury trial, a jury found the Defendant guilty on Counts One and Five of the Superseding Indictment;

WHEREAS, on September 13, 2015, this Court issued a Preliminary Order of Forfeiture against the Properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, on October 2, 2015, a sentencing hearing was held whereby this Court sentenced the Defendant to 144 months' incarceration, on each count, each count to run concurrently with each other, to be followed by a term of 96 months supervised release, and ordered the Defendant to pay a special assessment of $200;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Properties, pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning with September 25, 2015 and ending on October 25, 2015; and

WHEREAS, no claims of interest in the Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

WHEREFORE, the United States requests that this Court enter a Final Order of Forfeiture against the Properties in the form submitted herewith.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Properties, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

4. All other parties having any right, title or interest in the Properties are hereby held in default.

5. The United States Marshals Service is hereby authorized to dispose of the Properties in accordance with applicable law.

WILLIAM G. YOUNG
United States District Judge

Dated: March 23, 2016